# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1996-0077 |
| | ) | |
| **GEORGE A. ROHLSEN, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
*For the United States*

**Omodare B. Jupiter, Esq.,**
St. Croix, U.S.V.I.
*For Defendant George A. Rohlsen*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant George A. Rohlsen's ("Defendant") "Unopposed Motion to Modify Judgment or in the Alternative to Correct Clerical Error" ("Motion") (Dkt. No. 661). For the reasons that follow, the Court will grant Defendant's Motion in part and modify the Judgment against Defendant to waive interest payments on the $10,000.00 fine imposed at sentencing, provided that the $10,000.00 fine is paid in full by the completion of Defendant's term of supervised release.

## I. BACKGROUND

Following his conviction for possession of cocaine with intent to distribute, Defendant was sentenced by Judge Thomas K. Moore on September 23, 1997 to a term of 262 months imprisonment, to be served consecutively to the two-year term of imprisonment imposed by the Territorial Court of the Virgin Islands in Criminal Action No. 604/95; five years of supervised

release; and a $10,000.00 fine. (Dkt. No. 661-1).[1] Defendant has completed his term of imprisonment and is currently serving his term of supervised release. Because interest on the $10,000.00 fine accumulated during his term of imprisonment, Defendant represents that he currently owes $18,231.33. (Dkt. No. 661 at 3).[2] Defendant further represents that "[h]e is presently working odd jobs in landscaping and is unable to obtain employment that would allow him to pay this amount." *Id.*[3] In his Motion, Defendant requests that the Court waive the requirement that he pay interest on the $10,000.00 fine imposed at sentencing either (1) to correct a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36, or (2) based on the Court's independent finding that Defendant has no ability to pay interest on the fine. *Id.* at 2, 4-5. The Government does not oppose Defendant's request. *Id.* at 5.

## II.     DISCUSSION

### A.     Correction of Clerical Error

Federal Rule of Criminal Procedure 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." In the instant case, nothing in the Judgment suggests that the sentencing judge intended to waive the interest requirement on the $10,000.00 fine, but failed to do so as the result of an "oversight or omission." Defendant argues that "the court should have found that he did not have the ability to pay interest"

---

[1] The Judgment against Defendant was entered on October 28, 1997. (Dkt. No. 661-1).

[2] According to a financial status report submitted by the U.S. Probation Office, Defendant had a total fine balance of $18,236.71 as of April 4, 2018. Of this total, $8,031.67 is attributable to the outstanding balance on the $10,000.00 fine, while $10,205.04 is attributable to accrued interest on the fine.

[3] The U.S. Probation Office's financial status report indicates that Defendant has a reported monthly cash flow of $266.17.

at the time of his sentencing given that "he had no valuable assets when he began serving his sentence," and that its "failure to check the box for the waiver [of interest] may [therefore] have been the result of a clerical error or omission." (Dkt. No. 661 at 4). However, absent any evidence that the sentencing judge made such a finding and intended to waive interest on the fine, there is no basis for a decision by the Court to amend the Judgment to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36. Accordingly, Defendant's Motion to Correct Clerical Error will be denied.

B. **Modification of Judgment**

Defendant requests, in the alternative, that the Court modify the Judgment to waive interest on the $10,000.00 fine based on its independent finding that Defendant has no ability to pay interest on the fine, regardless of the Court's determination as to his ability to pay interest at the time of sentencing. (Dkt. No. 661 at 4-5). Recognizing that "[o]nce a court sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule," *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (citing *Carlisle v. United States*, 517 U.S. 416 (1996); *Eaton v. United States*, 178 F.3d 902 (7th Cir. 1999)), the Court must first determine whether it has jurisdiction to consider Defendant's request.

Defendant asserts that the Court has jurisdiction to modify his Judgment pursuant to 18 U.S.C. § 3572. (Dkt. No. 661 at 4-5).[4] Having reviewed the applicable statutes and case law,

---

[4] Specifically, Defendant points to 18 U.S.C. § 3572(d)(3), which provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

3

however, the Court concludes that the more appropriate jurisdictional basis for the Court's consideration of Defendant's request is provided at 18 U.S.C. § 3612. That statute addresses the "[c]ollection of [an] unpaid fine or restitution" and provides, in pertinent part:

> **Modification of interest by court.**—If the court determines that the defendant does not have the ability to pay interest . . . the court may—
> (A) waive the requirement for interest;
> (B) limit the total of interest payable to a specific dollar amount; or
> (C) limit the length of the period during which interest accrues.

18 U.S.C. § 3612(f)(3).

There has been some disagreement among federal courts as to whether 18 U.S.C. § 3612(f)(3) establishes the jurisdiction of a district court to modify interest payments on a fine based on a finding *after* sentencing that a defendant does not have the ability to pay interest. *Compare United States v. Coleman*, 319 F. App'x 228, 230 (4th Cir. 2009) (holding that 18 U.S.C. "§ 3612(f)(3) permits the court, post-judgment, to waive or limit the payment of interest upon a finding that the defendant is unable to pay interest"); *United States v. Allen*, 2017 WL 5560415, at *2 (W.D. Tex. Nov. 13, 2017) (same); *United States v. Perez*, 2008 WL 4865992, at *3 (N.D. Ill. July 1, 2008) (same); *United States v. Alston*, 2010 WL 3155253, at *2 (E.D. Pa. Aug. 2, 2010) (waiving interest post-judgment pursuant to 18 U.S.C. § 3612(f)(3)); *with United States v. Brumfield*, 125 F. Supp. 3d 648, 651 (W.D. Mich. 2015) (concluding that 18 U.S.C. "§ 3612(f)(3) does not grant district courts jurisdiction to modify an interest obligation after the sentence has been imposed"); *United States v. Fromm*, 2014 WL 2864710, at *2 (N.D. Ill. June 18, 2014) (holding that 18 U.S.C. § 3612(f)(3) does not provide a "basis upon which an order of restitution can be altered or modified" to waive interest payments).

This Court finds persuasive the analysis performed by the district court in *Allen*, 2017 WL 5560415 (W.D. Tex. Nov. 13, 2017), in concluding that 18 U.S.C. § 3612(f)(3) confers jurisdiction

on a district court to waive or modify the interest on a defendant's fine after judgment is imposed. In *Allen*, the district court observed that that 18 U.S.C. § 3612 is titled "Collection of Unpaid Fine or Restitution," and that various of its subsections pertain to post-judgment matters. *Id.* at *2 (citing 18 U.S.C. § 3612(a), (d)-(e)). It further recognized that "Section 3612 itself appears in a chapter of the United States Code entitled 'Postsentence Administration,' where it appears among other postjudgment matters such as probation administration and release from incarceration." *Id.* (citing 18 U.S.C. Ch. 229; *Perez*, 2008 WL 4865992 at *1). Moreover, "the plain text of Section 3612(f)(3) contains no temporal limitation on when a court may waive or limit the amount of . . . interest owed." *Id.* Accordingly, the *Allen* Court concluded—and this Court agrees—that 18 U.S.C. § 3612(f)(3) confers jurisdiction on the district courts to waive or modify interest payments after judgment is imposed. In so finding, the Court notes that a sister court within the Third Circuit has relied on 18 U.S.C. § 3612(f)(3) to waive interest payments on a defendant's fine after the imposition of judgment. *See Alston*, 2010 WL 3155253 (E.D. Pa. Aug. 2, 2010).

The Court further concludes that Defendant has shown that the interest on his $10,000.00 fine should be waived because he lacks the ability to pay interest. Of the approximately $18,200.00 Defendant currently owes, approximately $10,200.00 is attributable to accrued interest on the original $10,000.00 fine. Having reviewed the financial status report provided by the U.S. Probation Office, the Court finds that Defendant does not have the ability, at this time, to pay the approximately $10,200.00 in interest. The Court will therefore modify the Judgment in this case to waive the interest on the fine, *provided that* the $10,000.00 fine is paid in full by the conclusion of Defendant's term of supervised release. If the $10,000.00 fine is not paid in full by the conclusion of Defendant's term of supervised release, the Court reserves the right to assess interest on the fine.

# ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's Motion (Dkt. No. 661) is **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that Defendant's request that the Court modify the Judgment against him to correct a clerical error is **DENIED**; and it is further

**ORDERED** that Defendant's request that the Court modify the Judgment against him to waive the interest on the $10,000.00 fine is **GRANTED IN PART**; and it is further

**ORDERED** that that interest on the $10,000.00 fine imposed on Defendant is **WAIVED**, provided that the $10,000.00 fine is paid in full by the conclusion of Defendant's term of supervised release; and it is further

**ORDERED** that the Court reserves the right to assess interest on the $10,000.00 fine if the fine is not paid in full by the conclusion of Defendant's period of supervised release; and it is further

**ORDERED** that the September 23, 1997 Judgment against Defendant in this matter is **MODIFIED** as identified herein and as reflected in the Amended Judgment filed contemporaneously herewith.

**SO ORDERED**.

Date: February 5, 2019

_____/s/_____
WILMA A. LEWIS
Chief Judge